UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>TRADE SERVICE COMPANY, LLC,<br><br>    Defendant. | *<br>*<br>*<br>*<br>*   Civil Action No. 15-cv-13157-ADB<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM AND ORDER

January 8, 2016

BURROUGHS, D.J.

    Plaintiff Photographic Illustrators Corporation ("PIC") filed this action against Trade Service Company, LLC ("TSC") alleging that TSC improperly posted to its website a series of photographs taken by PIC. PIC brings three counts against TSC: copyright infringement under 17 U.S.C. § 501 (Count I); mishandling of copyright management information under the Digital Millennium Copyright Act, 17 U.S.C. § 1202 (Count II); and unfair and deceptive trade practices under Mass. Gen. L. Ch. 93A (Count III). Presently before the court is the Uncontested Motion to Intervene filed by Osram Sylvania Inc. ("Sylvania"). [ECF No. 23]. Sylvania moves to intervene as of right, pursuant to Fed. R. Civ. P. 24(a) or otherwise permissively, pursuant to Fed. R. Civ. P. 24(b). Neither party has opposed this motion. For the foregoing reasons, Sylvania's Uncontested Motion to Intervene is granted under Fed. R. Civ. P. 24(b).

    **I.**   **Factual Background**

    PIC specializes in photography, including photography of consumer products for catalogs, advertising, and product packaging. [ECF No. 1, ¶ 13]. Movant and proposed

intervenor Sylvania retained PIC to photograph its lighting products, and in June 2006, PIC and Sylvania entered into a six-year agreement (the "Agreement") whereby PIC granted Sylvania a non-exclusive, worldwide license to use and sublicense photographs of Sylvania's products taken by PIC. [ECF No. 25, ¶¶ 2-3 & Exh. A]. Under the Agreement, PIC retained ownership of the photographs and the underlying copyrights. [ECF No. 25, Exh. A at 4].

PIC initiated this action against TSC on August 13, 2015, alleging that TSC misused a series of photographs taken by PIC of Sylvania's lighting products. [ECF No. 1, ¶ 44-56]. Specifically, PIC alleges that TSC, a "subscription data service," infringed PIC's copyrights by, among other things, altering the photographs to remove PIC's copyright management information and offering the photos to customers for a fee. Id. at ¶ 56. PIC filed an amended complaint on October 29, 2015, which removed its claim for violation of the Latham Act, 15 U.S.C. § 1125(a), but otherwise contained the same allegations and claims as the original complaint. [ECF No. 16].

Sylvania moved to intervene on November 6, 2015. [ECF No. 24]. In its uncontested motion, Sylvania contends it should be permitted to intervene as of right to (1) protect its rights and the rights of its customers under the Agreement and (2) prevent PIC from obtaining improper payment for work for which it was already compensated. [ECF No. 24, at 2]. In support of its motion, Sylvania submitted a declaration from James Sanford, Vice President of Strategy, Communications, and Government Affairs at Sylvania. [ECF No. 25]. Sanford claims that Sylvania authorized TSC and its customers to use the photographs at issue. Id. ¶ 5. In addition, Sanford states that TSC has indicated it plans to seek indemnity from Sylvania for fees, costs, and liabilities associated with the lawsuit. Id., ¶ 7.

PIC did not oppose the Motion to Intervene, but did file a response on November 12, 2015, to reply to some of the issues raised by Sylvania in its Motion to Intervene. [ECF No. 29]. PIC notes in this response that it does not have documentation of a sublicensing agreement between TSC and Sylvania, and that regardless, any such sublicensing agreement could not have permitted TSC's conduct. Id.

**II.  Discussion**

    **a.  Legal Standard**

The Federal Rules of Civil Procedure permit two types of motions to intervene: intervention as of right, as set forth in Fed. R. Civ. P. 24(a), and permissive intervention, pursuant to Fed. R. Civ. P. 24(b). R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 8 (1st Cir. 2009). "The differences are significant." Id. Faced with a motion to intervene as of right, the court must apply a four-factor test, and its discretion is "somewhat more constrained than in the case of a motion for permissive intervention." Id.

When deciding whether permissive intervention is warranted under Fed. R. Civ. P. 24(b), the district court "can consider almost any factor rationally relevant," and "enjoys very broad discretion" in allowing or denying the motion. Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 113 (1st Cir. 1999). Upon a timely motion, the court has discretion to allow permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Daggett, 172 F.3d at 112-13; see Fed. R. Civ. P. 24(b)(1)(B). In addition, Rule 24(b)(3) expressly provides that the court must consider "whether intervention will prejudice the existing parties or delay the action." Fed. R. Civ. P. 24(b)(3); see Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Trust

v. State St. Bank & Trust Co., 290 F.R.D. 11, 14 (D. Mass. 2013). Factors the court may consider include:

> the nature and extent of the intervenor's interest, whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties, whether the applicant will benefit by the intervention, whether the intervenor's interests are adequately represented by the other parties, and whether the intervenors will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

In re Acushnet River & New Bedford Harbor: Proceedings re Alleged PCB Pollution, 712 F.Supp. 1019, 1023 (D. Mass. 1989).

### b. Analysis

As an initial matter, the Court finds that Sylvania's Motion to Intervene is timely. Rule 24's timeliness inquiry "is inherently fact-sensitive and depends on the totality of the circumstances." R & G Mortgage Corp., 584 F.3d at 7. Generally, the court should consider:

> (i) the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention.

Id. (citation omitted).

Sylvania filed its Motion to Intervene on November 6, 2015, less than three months after PIC filed its complaint. Sylvania moved to intervene before an initial scheduling conference and before TSC answered the amended complaint. Accordingly, Sylvania's motion is timely. The case is still in its preliminary stages and any prejudice to the existing parties will be minimal. See, e.g., Geiger v. Foley Hoag LLP Ret. Plan, 521 F.3d 60, 64-65 (1st Cir. 2008) (finding that nine-month delay was not untimely, in part because the case had not progressed beyond its initial stages and no discovery had taken place).

Next, the Court finds that Sylvania may intervene under Fed. R. Civ. P. 24(b).[2] Neither of the current parties to the action have objected to Sylvania's motion and this matter will almost certainly implicate the scope of Sylvania's rights under the Agreement. TSC was not a party to the Agreement and having Sylvania as a party in this action will contribute to fully developing the facts underlying the Agreement. Moreover, Sylvania has sublicensing agreements with numerous other third parties, and the resolution of this matter could have a significant impact on those other sublicensing arrangements. Given the early stages of the litigation, Sylvania's presence will not prejudice or delay the adjudication of the rights of the original parties in any significant way.

### III. Conclusion

For the foregoing reasons, the Uncontested Motion to Intervene is <u>GRANTED</u>.

**SO ORDERED.**

Dated: January 8, 2016

<u>/s/ Allison D. Burroughs</u>
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

[2] Because the Court has ruled that Slyvania may intervene under Fed. R. Civ. P. 24(b), it need not decide whether intervention under Fed. R. Civ. P. 24(a) would be appropriate.